IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:18-CR-096-D |
| VS. | § | |
| | § | |
| KIMBERLY YACOU MOORE (1), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses the September 27, 2018 discovery motions filed by defendant Kimberly Yacou Moore ("Moore"). Moore is charged in three counts of a three-count indictment with the offenses of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 18 U.S.C. § 371; possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii); and misprision of a felony, in violation of 18 U.S.C. § 4. The trial is set for April 8, 2019.

I

In her motion, Moore requests 13 categories (including subcategories) of discovery. The court has organized some of Moore's categories of evidence into subcategories for purposes of this memorandum opinion and order.

# A

## *Rule 16 Evidence*

Requests Nos. 1-3 and 11-12 concern matters governed by Fed. R. Crim. P. 16(a)(1). In request No. 1, Moore moves for disclosure of all oral, written, or recorded statements made by her within the possession, custody, or control of the government, including any audio recordings and the substance of any oral statements made by her before or after her arrest to government agents or law enforcement officers. In request No. 2, she asks for all books, papers, documents, photographs, tangible objects, or copies or portions thereof that are within the custody and control of the government and are material to the preparation of her defense, are intended as evidence in chief at the trial, or were obtained from or belong to the defendant. This request includes, but is not limited to, all checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence. In request No. 3, Moore requests the results or reports of all physical or mental examinations and of scientific tests or experiments conducted by the United States or state authorities in the course of the investigation of this case and any related state investigation of Moore. This includes producing copies of any and all fingerprints or handwriting reports and results that were compiled by anyone who examined known fingerprints, palm prints, or handwriting exemplars of Moore and compared them to questioned specimens. It also includes the results of any chemical analyses of narcotics. Finally, Moore asks to review the reports of polygraph tests administered to participating

government informants.[1]  In request No. 11, Moore requests that the government be ordered

to produce any information or evidence that was gained by any electronic surveillance,

including but not limited to wiretaps, videotapes, tape recorded conversations, or the like,

concerning Moore, any of the alleged coconspirators or codefendants, and/or any witness.

She asks that she be provided copies of any written transcripts or reports, or that she have an

opportunity to see or hear any information or evidence so gathered.  In request No. 12, Moore

asks for a copy of her prior criminal record, including the disposition of cases.

To the extent that Moore requests discovery that the government is required to

disclose under Rules 16(a)(1)(A)-(G), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83

(1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or

the Jencks Act, 18 U.S.C. § 3500, the motion is granted.  To the extent her requests exceed

what is required by these authorities, the motion is denied.  The government need not

produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the

deadline specified *infra* at § II.

B

*Impeachment Evidence*

Requests nos. 4-7 relate to the possible impeachment of the government's witnesses

at trial.  Request No. 4 seeks all information that the government has that will impeach any

witness whom the government may call at trial, including the prior criminal record or other

---

[1]See *infra* § I(D) for a discussion of disclosure of any informant's identity.

prior material acts of misconduct of its witnesses.  In request No. 5, Moore requests all

information that the government has regarding inconsistent statements of any witness it may

call at trial.  Moore seeks in request No. 6 all information the government has regarding the

untruthfulness of any witnesses whom it may call at trial.  In request No. 7, Moore asks for

all information that the government has regarding the use of narcotics by witnesses whom

it may call at trial, as well as any psychiatric examinations that may have been administered

to any informant witnesses.[2]

    To the extent Moore requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is

granted.  To the extent her requests exceed what is required by these authorities, the motion

is denied.  The government need not produce any discoverable statements covered by the

Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

C

*Government Investigation Notes*

    In request No. 8, Moore moves for the disclosure of any notes, tapes, and/or

memoranda that may have been made by a government agent in this case, including any

person who may have been acting as an informer[3] or in an investigative or undercover

capacity.  She further requests that if such notes, tapes, and/or other memoranda were once

---

[2]See *infra* § I(D) for a discussion of disclosure of any informant's identity.

[3]See *infra* § I(D) for a discussion of disclosure of any informant's identity.

in existence but have now been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and that if such items have not been destroyed, the government be ordered to preserve such notes, tapes, and/or other memoranda.

To the extent Moore requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The court grants Moore's request that the government be required to preserve its agents' notes, tapes, and/or memoranda, even if such materials are not disclosed to Moore.

D

*Government Communications to Defendant*

Moore requests in request No. 9 that the government be ordered to disclose whether any agent, informer, or anyone else acting at its direction has communicated with her since the commencement of adversarial proceedings against her (in this case or any related state case), including the identification of such individuals and the details and circumstances of such communications as well as any statements made by both Moore and the government agent.

If the government has used an informant in investigating or prosecuting Moore, it must notify the court *in camera* no later than March 4, 2019. With respect to other individuals, to the extent Moore requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the

motion is denied. The government need not produce any discoverable statements covered

by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

E

*Witness Statements*

Moore requests in request No. 10 that the government be ordered to disclose any

witness statements at least 48 hours before the witness testifies at trial or at any sentencing

hearing. Moore requests disclosure of any witness' prior testimony (such as grand jury

testimony), prior written statements, and reports or notes, any reports of prior oral statements,

and any prosecutor's notes concerning witness statements that have been or may be adopted,

approved, or verified by the witness. Moore also requests that the court order the

government to produce any exculpatory witness statements, negative exculpatory witness

statements, and evidence concerning narcotic habits or psychiatric treatment of any

government witness. Moore also seeks to discover the personnel files of any government

witness that may contain evidence material to the preparation of a defense or contain *Brady*

or *Giglio* material.

To the extent Moore requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is

granted. To the extent her requests exceed what is required by these authorities, the motion

is denied. The court denies Moore's request regarding the production deadline for witness

statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a)

(which pertains to the government and to a defendant) do not authorize the court to compel

a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at \*5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

F

Brady *Material*

In request No. 13, Moore requests that the government be ordered to disclose any exculpatory evidence, as required by *Brady*, and she lists 12 subcategories of evidence that she maintains would be exculpatory. She also requests that the government's attorney examine his or her files and question the government's agents, informants, or other persons working with the government in this case concerning their knowledge of any such evidence or materials. Moore also requests that she be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Moore requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent her requests exceed what *Brady* requires, the motion is denied. The court also denies her request that her counsel be permitted to question the government's attorney and the government's agents concerning their knowledge

of exculpatory evidence and diligence in attempting to locate such evidence.

## II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than March 18, 2019.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin her cross-examination of the witness.

**SO ORDERED**.

February 26, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE